(22 App. Div. 375.)

SHANLEY v. SHANLEY.

(Supreme Court, Appellate Division, Second Department.   November 30, 1897.)

1. WILLS—ACCEPTANCE OF DEVISE.
   If a testator has affected to dispose of property not his own, and has given a benefit to the person to whom that property belongs, the devisee accepting the benefit so given must make good the testator's attempted disposition.

2. PLEADING—VARIANCE—AMENDMENT.
   A complaint set up an express contract between the defendant and her husband, by which she became bound, after her husband's death, to convey a certain lot of land to plaintiff.   On the trial the evidence offered by plaintiff, and excluded, tended to show, instead, an obligation upon defendant based on her acceptance of benefits under her husband's will, which in terms required her to so convey the lot.   The complaint was dismissed on the merits.   *Held*, that the evidence should have been admitted, and the pleadings amended to conform thereto.

Appeal from special term, Westchester county.

Action by Charles H. Shanley against Catharine F. Shanley. From a judgment dismissing the complaint on the merits, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, and HATCH, JJ.

Gilbert O. Hulse, for appellant.

John H. Clapp, for respondent.

GOODRICH, P. J.   The action was brought against Jane E. Shanley to compel her to convey to the plaintiff a certain lot, described in the complaint, under an agreement made between her and Michael, her husband, at the time he was executing his will. After the death of the testator the widow died, and the action was revived against the present defendant.   The lot in question was deeded to the wife in 1879, and the complaint alleged that Michael purchased and paid the consideration therefor, but took the title in his wife's name.   The answer controverted this allegation, and at the trial evidence of the fact was offered by the plaintiff, and excluded.   There were three adjoining lots on Grove street, Port Chester, each 50 by 150 feet, one of which is the lot in question.   The title to the other two was in the testator.   He left, him surviving, his widow and three children.   The will gave the widow a life estate in all three lots, and, from and after her decease, provided as follows:

"To my son, Charles H. Shanley, the southerly one-third, being a strip fifty feet in width on Smith avenue and Grove street, and about one hundred and fifty feet in depth, which said strip or parcel, it is understood, my said wife will convey and transfer to my said son."

One of the other lots was devised to a daughter, Annie, and the remaining one to the defendant Catharine.   The provisions of the will in favor of the widow were stated to be in lieu of her dower. The widow entered into possession of her life estate, including the lot in question, and died in 1895, leaving a will by which she devised the premises in question to her daughter, the defendant.   There is

also in evidence an affidavit of the present defendant that she had been the owner of the lot for two years prior to her mother's death, —presumably, by an unrecorded deed. The plaintiff offered evidence tending to show that the father owned and controlled the lot in question, and that the wife did not; that she was present when the will was executed, and knew its contents; that she did not object to its provisions; and that she had accepted and received the benefit of the provisions of the will, and her distributive share of the estate. This evidence was excluded, under the exception of the plaintiff. The plaintiff contends that the testator intended to equalize his devises to his three children, giving each of them one of the lots, and that as the will treated the three lots as his own property, and the widow assented to his devise of one of them to the plaintiff, she was bound to carry out the agreement. We think the exclusion of this evidence was error. While this action is not brought to compel an election by the defendant, yet the equitable principles which govern that remedy must control the decision of this appeal. In 2 Story, Eq. Jur. § 1075 et seq., the principle is clearly stated:

"Election * * * is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims, in cases where there is clear intention of the person from whom he derives one that he should not enjoy both. * * * The party who is to take has a choice, but he cannot enjoy the benefits of both. * * * And, in regard to the cases of implied election, it has been truly remarked that the foundation of the doctrine is still the intention of the author of the instrument,—an intention which, extending to the whole disposition, is frustrated by the failure of any part. Its characteristic in its application to these cases is that by equitable arrangement full effect is given to a donation of that which is not the property of the donor. * * * For the donee to accept the benefit while he declines the burden is to defraud the designs of the donor. In short, courts of equity, in such cases, adopt the rational exposition of the will, that there is an implied condition that he who accepts a benefit under the instrument shall adopt the whole, conforming to all its provisions, and renouncing every right inconsistent with it."

This doctrine has been approved in many cases, but it is only useful to refer to In re Peaslee's Will, 73 Hun, 113, 25 N. Y. Supp. 940; Chipman v. Montgomery, 63 N. Y. 221; Havens v. Sackett, 15 N. Y. 365. In the last case, Denio, C. J., approves the principle laid down by Judge Story, and illustrates it by saying:

"For example, if a testator has affected to dispose of property not his own, and has given a benefit to the person to whom that property belongs, the legatee or devisee accepting the benefit so given to him must make good the testator's attempted disposition. If he insist on retaining his own property, which the testator has attempted to give to another person, equity will appropriate the gift made to him for the purpose of making satisfaction out of it to the person whom he has disappointed by the assertion of his rights."

It is hardly necessary to point the application of this now elementary principle to the case at bar. We need not resort to the claim of the plaintiff that the lot was purchased and paid for by the testator with his own money, and that the title was put in his wife's name for his convenience; but, treating the lot as the actual property of the wife, the excluded evidence was intended to prove the wife's agreement to abide by and ratify the language of the will, in

which the testator said, "It is understood my said wife will convey and transfer to my said son" the lot in question. But, even without such an agreement, the evidence which was offered was calculated to show that the widow had accepted the benefit of the other provisions of the will,—had received certain life insurance specifically bequeathed to her, and also her distributive share under the will; and the law is clear that, having taken benefit under the will, she was bound to carry out the intention of the testator to convey to the plaintiff the premises in question. It is true that the learned justice at special term, at the close of the plaintiff's case, held that under the pleadings the plaintiff was only entitled to a specific performance of the agreement therein alleged, and that he could take no benefit under the will; but the subsequent offer to prove her presence at the time of the execution of the will, her failure to object to any of its provisions, and her subsequent acceptance of benefits conferred by the will, were sufficient to present the question as to the equitable rights of the plaintiff, for it will be observed that the judgment contains a clause dismissing the complaint on its merits. The pleadings might properly have been amended to conform to the evidence thus offered, if it had been received, and the equitable consideration of the court would have been invoked to compel the carrying out of the intention of the testator to treat each of his three children equally, by giving a similar lot to each. Indeed, we think the court would have been justified if of its own motion it had directed an amendment of the pleadings in order to fulfill the clear intention of the testator.

The judgment should be reversed, and a new trial granted, with leave to the plaintiff to apply at special term for an order to amend the pleadings, if he shall be so advised. All concur.