McARTHUR v. WEAVER.

(Supreme Court, Appellate Division, Fourth Department.  January 6, 1909.)

1. VENDOR AND PURCHASER (§ 129*)—PERFORMANCE OF CONTRACT—MARKETABLE
TITLE.
Land was conveyed to a named grantee "and his wife." The grantee
contracted to sell the land, but died before the execution of the deed, and
thereafter his wife, as administratrix, and in her own right, presented to
the purchaser an abstract of title, and offered to execute and deliver a
deed of the premises; but the deed was refused on the ground that it
would not convey a good and marketable title.  *Held*, that the title was
not defective because the deed under which she held was made to the
grantee "and his wife," without naming the wife; it appearing that his
wife, who survived him, and who was the administratrix of the estate,
was his wife prior to the execution and delivery of said deed, and remain-
ed such up to the time of his death.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. §
129.*]

2. SPECIFIC PERFORMANCE (§ 17*) — PERSONS ENTITLED TO ENFORCE PERFORM-
ANCE.
Where a deed is made to a named grantee "and his wife," without giv-
ing the wife's name, she takes as tenant by the entirety, and becomes the
absolute owner of the property on the death of her husband, and there-
fore can enforce a contract for the sale of the property made by her hus-
band.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 17.*]

Submission of controversy without process between Mary L. Mc-
Arthur, individually, and as administratrix of Ellsworth B. McArthur,
deceased, and James C. Weaver, under Code Civ. Proc. §§ 1279–1281.
Judgment directed for plaintiff.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Clinton O. Tarbox, for plaintiff.
S. Ray Fairbanks, for defendant.

McLENNAN, P. J.  On April 7, 1908, Preston G. Cato held a market-
able title to certain real estate, and on that day he and his wife execut-
ed and delivered to Ellsworth B. McArthur and his wife a deed of
the same.  The grantees in said deed were therein described as "Ells-
worth B. McArthur and his wife"; but it appears that at the time of
the execution and delivery of said deed the said Ellsworth B. Mc-
Arthur, in the presence of said grantor and of this plaintiff, Mary L.
McArthur, stated to the attorney who drew said deed that the name
of his wife was Mary L. McArthur, and that he wanted her name to
appear in said deed as his wife, and that said name was omitted there-
from by said attorney through inadvertence.  It also appears that
on said 7th day of April, 1908, and simultaneously with the execution
of said deed, Ellsworth B. McArthur and Mary L. McArthur, his
wife, duly executed and delivered a purchase-money mortgage cover-
ing the said premises to one John Watson, which said mortgage was
duly recorded in the Chautauqua county clerk's office April 9, 1908,

in Liber 291 of Mortgages, at page 228. Thereafter, and on the 13th day of August, 1908, the said Ellsworth B. McArthur and Mary L. McArthur, his wife, entered into a land contract with the defendant herein, as set forth in Exhibit B. Thereafter, and before the execution and delivery of the deed provided for in said land contract to be given by the vendors, the said Ellsworth B. McArthur died, intestate, without having conveyed said property in any way except as above set forth. Thereafter Mary L. McArthur was duly appointed administratrix of the estate of said Ellsworth B. McArthur, deceased, and on the 28th day of September, 1908, the plaintiff herein presented to defendant an abstract of title and offered to execute and deliver to him a deed of the premises in question, and demanded of him payment to her of the balance unpaid upon said contract. Defendant refused to accept such title and deed, upon the ground that the deed would not convey to him a good and marketable title to the premises in question, and refused to pay to the plaintiff herein the balance due on said contract.

The sole question presented by the submission of this controversy is whether or not the deed executed and delivered in terms to "Ellsworth B. McArthur and his wife" made them tenants by the entirety; the only suggestion in opposition being that the name of the wife was omitted, and that such tenancy by the entirety did not result.

It seems to me clear that the deed in question conveyed a good and marketable title to Ellsworth B. McArthur and his wife, and that it is not necessary that a grantee in a deed be named therein, if so designated by any description as to make his or her identity certain. In this case it is agreed in the agreed state of facts that Mary L. McArthur is the surviving widow of Ellsworth B. McArthur, the grantee named in the deed. It appears that she was his wife prior to the execution and delivery of said deed, and remained such up to the time of his death. There therefore, as it seems to me, can be no possible question as to her identity. The words in the deed "his wife" meant Mary L. McArthur, and nobody else. She was just as fully described, as it seems to me, as if her name had been mentioned.

If I am right in this conclusion, then upon the husband's death she became the absolute owner of the property in question, and she took as tenant by the entirety, and therefore the contract of sale of the premises executed by her husband and herself was enforceable during the lives of both, and is enforceable by her after her husband's death. It does not seem to me that there is really anything presented by this submission which is worthy of discussion. The authorities bearing upon the question are cited in the respective briefs of counsel. It seems to me that there is nothing in conflict to the proposition that the identity of the plaintiff, Mary L. McArthur, was as fully established when described as the wife of Ellsworth B. McArthur as if her name had been added.

I recommend that judgment be entered declaring that Mary L. McArthur had a good and marketable title to the premises in question and could convey a good and marketable title thereto, and that she is entitled to recover from the defendant the balance due upon the contract of sale of the premises in question upon tendering to the

defendant a deed of the same, with an abstract of title, but without costs of this submission to either party.

Judgment directed in favor of plaintiff upon the submission, without costs. All concur.