DETROIT & SECURITY TRUST CO. *v.* KRAMER.

1. CONVERSION—EQUITABLE CONVERSION—LEGAL FICTION.

   The doctrine of equitable conversion, which is no more than legal fiction, should not be applied in such manner or under such circumstances as will defeat the lawful disposition that one may make of his or her property.

2. JOINT TENANCY—PERSONAL PROPERTY.

   In the absence of statutory provisions to the contrary, right of survivorship may be created in personal property.

3. HUSBAND AND WIFE—TENANTS BY ENTIRETIES—CONTRACTUAL UNDERTAKING.

   Where husband and wife, each owner of real property, deeded to third party, who redeeded to them the combined property as

---

As to when there is such a failure of testator's purpose or object as to preclude the application of the doctrine of equitable conversion, see annotation in 20 L. R. A. (N. S.) 117.

tenants by entireties, their action amounted to a contractual undertaking that each should take and hold a right of survivorship in the other's property.

4. Same—Tenants by Entireties—Right of Survivorship in Lands Sold on Contract.

Where husband and wife sold on contract lands held by them as tenants by entireties, on the death of the wife the husband became sole owner of interest therein, in absence of evidence of intent to terminate right of survivorship by execution of said contract, although wife's death occurred before enactment of Act No. 126, Pub. Acts 1925, and Act No. 212, Pub. Acts 1927, providing for right of survivorship under such circumstances.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 6, 1929. (Docket No. 78, Calendar No. 34,424.) Decided July 8, 1929.

Bill by the Detroit & Security Trust Company, administrator of the estate of Arline Kramer, deceased, and others against Anthony Kramer for an accounting. From decree dismissing the bill, plaintiffs appeal. Affirmed.

*Lucking, Hanlon, Van Auken & Sprague,* for plaintiffs.

*Colombo, Colombo & Colombo,* for defendant.

North, C. J. On and prior to January 4, 1923, Anthony Kramer and his wife Arline Kramer were the owners as tenants by the entireties of two parcels of land in Wayne county, Michigan. Each parcel had theretofore been sold by Mr. and Mrs. Kramer on a land contract, which gave the vendee immediate possession and contained the other usual terms of such contracts. On the above date Mrs. Kramer died, and at that time there was still unpaid

on these two contracts substantially $13,000. Subsequently the balance of one of the contracts was paid to Mr. Kramer and the land conveyed by him to the vendee. And since the death of Mrs. Kramer, the defendant has also continued to collect the installments which have accrued on the other contract. By this bill for discovery and accounting the administrator and heirs of Mrs. Kramer's estate seek to recover one-half of the money thus paid to the defendant. The trial court dismissed the bill on the ground that the defendant as a surviving spouse was entitled to all of the purchase price unpaid on these contracts at the death of Mrs. Kramer. The plaintiffs have appealed, and assert that by entering into the executory contracts for the sale of these two parcels of land, Mr. and Mrs. Kramer terminated their respective rights of survivorship in the properties and became tenants in common; and that one-half of the contract price unpaid at Mrs. Kramer's death belongs to her estate. This claim is based on the theory that by giving the contracts Mr. and Mrs. Kramer converted their interest in the property into personalty, and that, generally speaking, there is no right of survivorship in personalty in this State.

The property rights herein involved became vested at the death of Mrs. Kramer in 1923, and hence we are not concerned with subsequent legislation in this State (Act No. 126, Pub. Acts 1925, and Act No. 212, Pub. Acts 1927), which under like circumstances would now vest complete ownership in the surviving spouse.

In certain cases we have held that after sale of real estate upon executory contracts, under the equitable doctrine of conversion, the interest of the vendors became personal property. *Bowen* v. *Lan-*

*sing,* 129 Mich. 117 (57 L. R. A. 643, 95 Am. St. Rep. 427); *Detroit Trust Co.* v. *Baker,* 230 Mich. 551. But, there is no decision of this court which passes directly upon the question here involved, namely, whether a husband and wife holding real estate by entireties and who sell the same on executory contract thereby divest themselves of the right of survivorship. The holdings of courts that upon the execution and delivery of such a contract, the remaining interest of the vendor in the property becomes personalty and the interest of the vendee realty, are based upon the theory of equitable conversion. It is said the vendor holds the title to the land in trust for the vendee, and likewise the vendee holds the purchase price in trust for the vendor. As has been pointed out by eminent authority, this theory at best is somewhat far fetched. See note to Pomeroy Equity Jurisprudence (4th Ed.), § 2261. Necessity has compelled the adoption of some rule of property by which the rights of descent and distribution are definitely fixed; and it may be conceded that in the absence of some controlling circumstances to the contrary, the application of the doctrine of equitable conversion in the manner above suggested accomplishes a fairly just result. But this theory, which is no more than a legal fiction, should not be applied in such a manner or under such circumstances as will confessedly defeat the disposition that one may make of his or her property so long as such disposition is not in violation of law.

Carried to its logical conclusion, the doctrine of equitable conversion leads to many strange and serious results, especially as applied to lands held by entireties. If upon giving to a third party an executory contract to purchase, the estate by entire-

ties becomes a tenancy in common, then either of the vendors could at once demand and secure partition, and likewise the judgment creditors of either, spouse could levy upon and sell the one-half interest of such spouse to satisfy the claims of such creditors. In the instant case, in fulfillment of one of these contracts, the surviving spouse has undertaken to convey to the vendee complete title to the land which Mr. and Mrs. Kramer held by entireties. If upon execution of the contracts to sell this parcel, they become tenants in common, the attempt by the survivor to convey full title to the vendee has failed, and instead only a one-half interest has passed under the deed of Mr. Kramer as survivor. This would be in conflict with an understanding and construction of the law of survivorship as applied to estates by entireties which has prevailed in this State for many years, and would seriously impair the title to every parcel of real estate which has been thus conveyed. Also in the instant case, Mr. and Mrs. Kramer reserved the right to place a mortgage upon their interest in these properties after giving the contracts. Had they given such a mortgage, it would hardly be contended that it was a chattel mortgage because it covered only the interest of the vendors which had become personal property under the doctrine of equitable conversion.

We have noted the above as illustrative of the fact that while it may be convenient and productive of just results to apply the doctrine of equitable conversion for some purposes and under certain conditions, still it will not do to apply it under such circumstances as will obviously defeat the lawful undertaking of the parties concerned. To hold in this case that on account of the equitable doctrine of conversion the respective rights of survivorship

between Mr. and Mrs. Kramer were terminated by the execution of executory contracts to sell, is to nullify the settled plan for the disposition of their properties which they deliberately adopted without there being the slightest proof of any intention or desire on the part of either so to do. It is of little consequence in this case whether it is held that the remaining interest of the vendors in the contracted lands is realty or personalty. If it is realty, under the well-established law of this State the right of survivorship vested title in Mr. Kramer; and if it is personalty, it is equally plain that under our law these parties had a right to arrange by contract for survivorship in such personalty. Regardless of what may have been said in some of the earlier decisions of this court, it is now the established law of this State that in the absence of statutory provisions to the contrary a right of survivorship may be created in personal property. *Lober* v. *Dorgan,* 215 Mich. 62; *Scholten* v. *Scholten,* 238 Mich. 679; *In re Peterson's Estate,* 239 Mich. 452; *Forler* v. *Williams,* 242 Mich. 639. We think it conclusively appears in this record that Mr. and Mrs. Kramer so arranged their respective properties that in effect it amounted to a contractual undertaking that each should take and hold a right of survivorship in the other's property. Each was the owner of real property, they deeded to a third party, and he redeeded to them the combined properties as tenants by the entireties. For six years next prior to her death, Mrs. Kramer and her husband continued to hold all their real estate in this manner. Neither of them ever intended or attempted to terminate or divest the estate so created. If Mrs. Kramer by will had left all her real estate to her surviving husband, the court would

hold it to be its plain duty to carry into effect the obvious intent of the testatrix as the same appeared in her last will and testament. It is equally the duty of the court to give the force and effect to the deeds of Mr. and Mrs. Kramer whereby they created each in the other a right of survivorship. *Scholten* v. *Scholten, supra.* In so holding we are in entire accord with the rights of survivorship as adjudicated in former decisions of this court. *Dickey* v. *Converse,* 117 Mich. 449 (72 Am. St. Rep. 568); *In re Morris' Estate,* 210 Mich. 36.

While the question here presented was not specifically passed upon, in New York the right of survivorship does not appear to be terminated when tenants holding by entireties execute a contract for the sale of the land so held. *McArthur* v. *Weaver,* 129 App. Div. 743 (113 N. Y. Supp. 1095).

The circuit judge was right in holding that notwithstanding they entered into executory contracts to sell and convey title to these parcels of land, the survivor of these two tenants who held the land by entireties was and is the sole owner of the interest which Mr. and Mrs. Kramer had in the property at the time of her death. The decree of the lower court is affirmed, with costs of this court to the appellee.

FEAD, FELLOWS, POTTER, and SHARPE, JJ., concurred with NORTH, C. J. WIEST, CLARK, and McDONALD, JJ., concurred in the result.