JOSEPH LEVENSON and Others, Appellants, *v.* ANNE LEVENSON, Respondent.

Second Department, May 5, 1930.

*Oscar Bellick,* for the appellants.

*Abraham H. Simon* [*Jacob S. Chalat* of counsel], for the respondent.

HAGARTY, J. Isaac Levenson, now deceased (the father of the plaintiffs), and the defendant, Anne Levenson, were married prior to the 9th day of December, 1919. This was their second marriage. Each spouse had children of a prior marriage. The defendant has one son by her first husband. This son's name is D. Scott Austin. There is no issue of the marriage of Isaac Levenson and the defendant.

After the marriage of Isaac Levenson and this defendant, they became the owners of a parcel of real estate, known as No. 964 Eastern parkway, Brooklyn, as tenants by the entirety. Some months after the acquisition of this property, Isaac Levenson and the defendant executed mutual wills. Each will contained a stipulation to the effect that neither party would revoke or change his or her will without the written consent of the other.

I will first consider the will of Isaac Levenson, in so far as it is material to this controversy, and quote therefrom as follows:

" *Second.* I give, devise and bequeath to my wife, Anne Levenson, one-half of all my real and personal property, to have and to hold the same in fee simple to her heirs and assigns forever."

Then, after certain bequests, the testator provided as follows:

" *Fourteenth.* If my wife, Anne Levenson, should die before me, then and in that event, I direct that the share herein devised to my said wife, I hereby give, devise and bequeath to Dr. D. Scott Austin, the son of my said wife by a former marriage, who resides at number 1831 Chestnut Street, Philadelphia, Pa. And said Dr. Austin shall receive one-half the income of said house and lot until the same is sold, in which event he shall receive one-half proceeds of said sale, besides the share to which his mother would be entitled under provision of the ' Third ' paragraph of this will.

" *Fifteenth.* I further state that my said wife and I hereby make mutual wills in favor of one another with the understanding and upon condition that neither of us will revoke the last will and testament by us this day duly made and executed or change any of the provisions therein contained, without the written consent of the other."

Taking up the will of the defendant Anne Levenson, I quote therefrom the following:

" *Second.* In the event that I should predecease my husband, Isaac Levenson, I hereby give, devise and bequeath to my said husband a one-half less one-fifth interest in the house and lot, known as and by the street number 964 Eastern Parkway, in the Borough of Brooklyn, New York City.

" *Third.* I order and direct that in the event that I should pre-decease my said husband, Isaac Levenson, and the house and

lot known as and by the street number 964 Eastern Parkway, in the Borough of Brooklyn, Kings County, New York City, has not been sold at the time of my death, that then, and in that event, I direct and I hereby give, devise and bequeath one-half the income of the said premises to my son Dr. D. Scott Austin, who resides at number 1831 Chestnut Street, Philadelphia, Pa., who shall receive one-half of the said income during the life time of my said husband, Isaac Levenson, and upon the death of my said husband, Isaac Levenson, my said son shall receive one-half of the proceeds of the sale of said premises, besides the share or portion that I would be entitled to receive by the provision of the ' Third ' paragraph of the said Isaac Levenson's will."

Then follow specific bequests, as in the case of the husband, and a residuary clause in favor of her son, D. Scott Austin. Finally, we find an agreement not to revoke, corresponding to that contained in her husband's will, without the consent of the husband, as follows:

" *Seventeenth.* I further state that my said husband and I hereby make mutual wills in favor of one another with the understanding and upon condition that neither of us will revoke the last will and testament by us this day duly made and executed or change any of the provisions therein contained, without the written consent of the other."

The plaintiffs in their complaint allege the ownership of this Eastern parkway property, the making of the wills, and that neither should revoke, and that Isaac Levenson died on the 28th day of May, 1927. These facts are not disputed. It is then alleged that, under the will of Isaac Levenson, the plaintiffs became entitled to share in the estate according to the terms of the will, and that the defendant, Anne Levenson, has failed to make provision for the plaintiffs or to give them their legal and rightful share. Judgment is demanded that a trust be impressed upon all property, both real and personal, in behalf of the plaintiffs; that the defendant be specifically directed to deliver to plaintiffs a deed conveying to them their proper proportionate interest as heirs at law and next of kin of their father; that the defendant account of all moneys received and expended in connection with the Eastern parkway property; that a receiver be appointed; that the defendant be enjoined from selling any part of the property; that the plaintiffs be adjudged to have such undivided interest or fee in the Eastern parkway property " as provided in the last will and testament of Isaac Levenson, deceased," and, finally, that the plaintiffs be adjudged to have joint possession of the Eastern parkway property, and the right to receive and have paid to them their share of the

rents. Briefly, plaintiffs claim a one-half interest in the Eastern parkway property.

Appellants' argument is that a mutual and reciprocal will is equivalent to a contract, and is, therefore, irrevocable and enforcible in equity. There can be no doubt that that is a correct statement of law. But when we examine the will here, we find that the only agreement was that neither should revoke his or her will without the written consent of the other. The execution of such wills is an enforcible contract, and that is the extent of the holdings in the cases cited by the appellants. For instance, in *Rastetter* v. *Hoenninger* (214 N. Y. 66) it was held that, although there was no express provision in the wills there under consideration that neither should revoke, the cumulative effect of all, when viewed together, was sufficient to prove that the joint will was made pursuant to an agreement, so that, after the agreement had been executed by one dying without making a different testamentary disposition of his property, and after the acceptance by the other of the benefits of the agreement, it became obligatory upon the latter and enforcible in equity upon his death. But that case further held that each, during his life, remained the absolute owner of his own, with all the rights of an owner; and, upon the death of the wife, the husband became trustee of her personal estate for the remaindermen. But the making of the will did not affect the holding during the lifetime of the parties. Applied to this case, this would mean that each continued to hold as tenants by the entirety. That is, each owned all subject to the survivorship of the other.

In *Hermann* v. *Ludwig* (186 App. Div. 287) a husband and wife made a joint will giving to the survivor all property owned by either of them jointly or severally. Subsequently, the wife made another will making other disposition of her property. It was held that the joint will should not be admitted to probate on the death of the wife, even though it was the result of a contract between her and her husband, but that the relief to which the surviving husband was entitled was to be obtained, not by establishing the joint will as the last will of his wife, for the reason that it was not her last will, but by compelling the performance of her obligations by her children and devisees under her second will, which should be admitted to probate, the wife's representatives being trustees of a resulting trust for the benefit of the surviving husband. In other words, where joint wills were made for a sufficient consideration, each leaving property to the other, the will made in pursuance of such contract is irrevocable where, if the contract be abandoned, the other party cannot be restored to his former position, and a refusal to complete the agreement is in the nature of a fraud. A question

of property held jointly was not involved. Naturally, the survivor took that regardless of the will. No case is cited which supports appellants' contention that in the case before us the nature of the holding as tenants by the entirety was changed into a tenancy in common. Even if we assume that by agreement between the parties, during their lifetime, such a change could have been made, it certainly was not done by these wills. There is nothing in them changing the nature of the holding, and the sole agreement is, as I have already stated, not to revoke.

There is not any suggestion in the record that the defendant accepted any benefit under her husband's will, nor was the case tried on any such theory. Assuming, however, that the respondent has obtained some benefit under the will of Isaac Levenson, and assuming that neither had the right to revoke, it does not follow that the appellants are entitled to any relief at this time, because there is no claim that the respondent has breached her contract. Respondent's only agreement, in any event, was that she would not dispose of this property by a different testamentary disposition defeating the purpose of the alleged agreement upon which the plaintiffs base their action. In my opinion, neither party was seized of any interest in the real property that could be disposed of by will, since each owned all, subject only to the survivorship of the other spouse. (*Stelz* v. *Shreck*, 128 N. Y. 263; *Bertles* v. *Nunan*, 92 id. 152; *Matter of Klatzl*, 216 id. 83.)

The judgment should be affirmed, with costs.

LAZANSKY, P. J., YOUNG and KAPPER, JJ., concur; CARSWELL, J., dissents and writes for reversal.

CARSWELL, J. (dissenting). The will devises and bequeaths both real and personal property to defendant. There is no allegation in the answer or proof thereunder that defendant refused the property (apart from the parcel in dispute here) devised and bequeathed to her under the will. There is no proof that the will was probated, which will names defendant as coexecutor. Property may pass under an unprobated will, and some forms of personal property may be transferred without the will being probated. The fact that the testator had no such interest in the parcel of real property in dispute as would enable him to devise it, did not disable him from devising it, even though it be the property of defendant, where defendant does not refuse to take the different and other property devised and bequeathed to her in the instrument in which the testator assumed to devise property vesting in her and in which he had no estate capable of being devised. In the absence

of proof from the defendant that she repudiated the beneficial provisions in the testator's will, the right of the testator to devise the parcel of real property involved herein may not be challenged, even though he assumed (because of error or otherwise) to treat it as property in which he had an estate susceptible to devise by him. The absence of such proof of repudiation on the part of the defendant makes the decision herein unjust and erroneous. (*Shanley* v. *Shanley*, 22 App. Div. 375; S. C., 34 id. 172.) The *Shanley* case, quoting from *Havens* v. *Sackett* (15 N. Y. 365), says: " For example, if a testator has affected to dispose of property not his own, and has given a benefit to the person to whom that property belongs, the legatee or devisee accepting the benefit so given to him must make good the testator's attempted disposition. If he insist on retaining his own property which the testator has attempted to give to another person, equity will appropriate the gift made to him for the purpose of making satisfaction out of it to the person whom he has disappointed by the assertion of his rights."

I, therefore, vote to reverse and for a new trial.

Judgment affirmed, with costs.