In the Matter of the Petition of DENIS W. CORRIGAN to Render and Settle His Account of Proceedings as Executor, etc., of JOHN MAGUIRE, Also Known as JOHN J. MAGUIRE, Deceased.*

AGNES TIERNEY, Individually and as Administratrix, etc., of MARY MAGUIRE, Deceased, Appellant; HELEN M. SMITH, EDNA M. McNULTY, and DENIS W. CORRIGAN, as Executor, etc., of JOHN MAGUIRE, Also Known as JOHN J. MAGUIRE, Deceased, Respondents.

Second Department, June 7, 1937.

*Barnett J. Nova* [*Ralph Stout* with him on the brief], for the appellant.

*Charles G. Stevenson*, for the respondents.

JOHNSTON, J.   The question to be determined is: Who is entitled to the proceeds of the sale of real property owned by a husband and wife as tenants by the entirety when they both contracted to sell the property and the wife died before the property was to be conveyed?  The facts are not in dispute.

On September 28, 1921, John Maguire, then a widower with two children, entered into a contract for the purchase of property in Brooklyn.  On October 12, 1921, he married Mary Connolly, a widow with three children.  On October 20, 1921, the property was acquired by John and Mary, his wife, as tenants by the entirety. On February 25, 1929, John and Mary entered into a contract for the sale of the property for $31,500, subject to a first mortgage of $15,000.  On the signing of the contract John received a deposit

* Affg. 161 Misc. 219.

of $1,000. The balance was to be paid at the closing, set for April 1, 1929. On March 8, 1929, Mary died intestate, survived by her husband and the three children of her prior marriage. On April 2, 1929, John, as widower, executed and delivered a deed to the purchaser. After certain adjustments he received $14,296.65, in addition to the $1,000 deposit. Out of this he paid brokerage and attorney's fees, leaving a balance of $13,696.65, which he retained. On November 10, 1935, John died testate, survived by two children of his prior marriage, who are his residuary legatees. On the settlement of the account of John's executor, the administratrix of Mary's estate made claim for one-half, plus interest, of the net amount received by John on the sale, less the share to which John was entitled upon the death of his wife. Claimant concedes the Statute of Limitations bars her right to participate in the down payment. The surrogate disallowed the claim. Claimant appeals and contends that upon the execution of the contract of sale by John and Mary there was an equitable conversion of the realty. The surrogate so found (161 Misc. 219). The surrogate held, however, as John advanced his own funds for the original purchase, his intention was that Mary should have the property only if she survived him, and if it were sold during his lifetime the proceeds were to belong to him. Apart from the fact that John's money was used to acquire the property and the deed was taken in the name of himself and his wife, there is no evidence to indicate what his intention may have been with respect to the avails in the event of a sale. In the view we take of the case there was no equitable conversion, and hence it is unnecessary to consider John's intention in 1921, when he and Mary acquired the property as tenants by the entirety.

While it is the general rule that an equitable conversion results from the making of a contract for the sale of realty, the rule does not obtain under the circumstances disclosed by this record. This becomes clear when we consider the purpose of the doctrine of equitable conversion and the nature of a tenancy by the entirety.

Equitable conversion is not a fixed rule of law but a mere fiction of equity designed to effectuate the obvious intention of the parties and to promote justice. It rests " on the presumed intention of the owner of the property and on the maxim that equity regards as done what ought to be done." (*Rockland-Rockport Lime Co.* v. *Leary*, 203 N. Y. 469, 480.) The conversion, if any, takes place only when it is the duty of the contracting party to act. In the instant case the act to be done was the execution and delivery of the deed on April 1, 1929.

In an estate by the entirety the husband and wife are each seized of the entire estate, *per tout et non per my*. Each owns, not an undivided part, but the whole estate. " The survivor, upon the death of the other, does not take a new acquisition, but holds under the original grant or devise, the estate being merely freed from participation by the other. There is no succession in or transfer of title." (*Matter of Klatzl*, 216 N. Y. 83, 91 [dissenting opinion].) To the same effect are *Hiles* v. *Fisher* (144 N. Y. 306); *Bertles* v. *Nunan* (92 id. 152); *Armondi* v. *Dunham* (221 App. Div. 679; affd., 248 N. Y. 603). When Mary died before the time fixed for the delivery of the deed, her interest in the property died with her. The duty imposed upon her by the contract to execute and deliver the deed likewise died with her. Upon her death John became the sole owner, not because he succeeded to any interest Mary had — that was extinguished upon her death — but by reason of the original grant to him and Mary as tenants by the entirety. Therefore, there is neither reason nor necessity for resorting to the doctrine of equitable conversion. To invoke it would not only ignore the intention of the parties at the time they acquired the property but destroy the legal rights of the survivor inherent in a tenancy by the entirety.

The Supreme Court of Michigan recently passed upon the identical question here presented and held that where a husband and wife owning real estate by the entirety enter into an executory contract for its sale, they do not thereby divest themselves of the right of survivorship. (*Detroit & Security Trust Co.* v. *Kramer*, 247 Mich. 468; 226 N. W. 234.) Appellant attempts to distinguish that case because in Michigan the statutes vest complete ownership in the surviving spouse. This is true, but as the court in its opinion pointed out, the statutes did not apply, as the property rights there involved were vested in 1923 and the statutes were not enacted until 1925 and 1927.

Appellant also relies on *Sasso* v. *Meacham Realty Corp.* (242 App. Div. 853), recently decided by this court. There the contract of sale was made by the defendant as vendor and the plaintiff and his wife as vendees. Plaintiff's wife died before the delivery of the deed, and plaintiff sued for specific performance of the contract. We held that upon the execution of the contract the plaintiff and his wife became the equitable owners of the property and that the common-law principle that a conveyance to a husband and wife creates a tenancy by the entirety applies as well to the interest acquired by a husband and wife as vendees under a contract of sale. There the doctrine of equitable conversion was invoked as

necessary to effectuate the intention of the parties and to promote justice.

For the reasons above stated the decree, in so far as appealed from, should be affirmed, with costs, payable by appellant individually and as administratrix of the estate of Mary Maguire, deceased.

Present — HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ.; LAZANSKY, P. J., not voting.

Decree of the Surrogate's Court of Kings county unanimously affirmed, so far as appealed from, with costs, payable by appellant individually and as administratrix of the estate of Mary Maguire, deceased.