In the Matter of the Estate of JOSEPH RICHICHI, Deceased.

Surrogate's Court, Westchester County, February 18, 1938.

*John F. De Angeli,* for Bernard J. Gioffre and Joseph Accurso, as executors, etc.

*Alfred A. Parisi* [*Edward J. O'Toole* of counsel], for the objectants.

*Abraham Tunick,* special guardian.

MILLARD, S. Objections to the final account of the executors have been filed by Frank Richichi, Genoveffa Accurso, Concetta Accurso and Maria Pizzarello, persons claiming an equitable interest in real property owned by decedent and his wife as tenants by the entirety.

The objectants contend that the interests, to which they respectively claim to be entitled under a joint will executed by the decedent and his wife, should have been set forth in the account.

The facts as stipulated orally in open court are substantially as follows:

On January 21, 1935, the decedent, by deed, conveyed to himself and Concetta, his wife, a parcel of real property then owned by him individually in the town of Rye, N. Y. The deed expressly

provided that the property was to be held by decedent and his wife "as tenants by the entirety." On April 25, 1935, decedent and his wife executed a joint will relating to real property exclusively. On June 19, 1935, testator executed a will disposing of his personal property and expressly revoking all prior wills excepting the joint will above mentioned. Decedent died on October 2, 1935; Concetta Richichi, his wife, is still living.

The Rye property referred to was the only real property owned by either decedent or his wife on the day the said joint will was executed, and no further real property was acquired by either of them during the life of the decedent.

The joint will, in so far as material here, provides "that all real property of which we may be possessed at the time of the decease of either of us shall be held by the survivor during his or her life, to use same as such survivor may deem fit, except that such use shall not be construed at any time to mean that the survivor shall sell any of the real estate but is used here for the purpose of giving the survivor the use of the said real estate during his or her life and the income, if any, during his or her life." It also provided that "Upon the death of the survivor herein, we hereby give, devise and bequeath all of the real estate of which the survivor may die seized unto the executors hereinafter mentioned or to their successors or survivors to be used by them as hereinafter directed," in trust for the benefit of certain persons designated therein. The objectants in this proceeding are four of the persons so designated.

The only question to be decided at this time is whether or not, by virtue of the joint will, the objectants acquired any right or interest in the real property owned by the decedent and his wife which should properly be set forth by the executors in their account. I am of the opinion that they did not acquire any such interest.

The execution of a joint will by the decedent and his wife did not, in any manner, alter their respective interests in the real property held by them as tenants by the entirety. That is to say, they each continued to own all of the property subject only to the survivorship of the other.

In *Matter of Maguire* (251 App. Div. 337) the decedent and her husband were seized of a parcel of real property as tenants by the entirety. After executing a contract of sale of the said property, the wife died. The question before the court was whether or not the legal representatives of the wife were entitled to any of the proceeds of sale, and if so, to what extent. The court (at p. 339) said as follows: "In an estate by the entirety the husband and wife are each seized of the entire estate, *per tout et non per my.* Each

owns, not an undivided part, but the whole estate. ' The survivor, upon the death of the other, does not take a new acquisition, but holds under the original grant or devise, the estate being merely freed from participation by the other. There is no succession in or transfer of title.' (*Matter of Klatzl*, 216 N. Y. 83, 91 [dissenting opinion].) To the same effect are *Hiles* v. *Fisher* (144 N. Y. 306); *Bertles* v. *Nunan* (92 id. 152); *Armondi* v. *Dunham* (221 App. Div. 679; affd., 248 N. Y. 603). When Mary died before the time fixed for the delivery of the deed, her interest in the property died with her. The duty imposed upon her by the contract to execute and deliver the deed likewise died with her. Upon her death John became the sole owner, not because he succeeded to any interest Mary had — that was extinguished upon her death — but by reason of the original grant to him and Mary as tenants by the entirety. Therefore, there is neither reason nor necessity for resorting to the doctrine of equitable conversion. To invoke it would not only ignore the intention of the parties at the time they acquired the property but destroy the legal rights of the survivor inherent in a tenancy by the entirety."

The court, in its opinion, refers to a decision in the Supreme Court of Michigan (*Detroit & Security Trust Co.* v. *Kramer*, 247 Mich. 468; 226 N. W. 234) in which the court held that where a husband and wife owning real estate by the entirety enter into an executory contract for its sale, that they do not thereby divest themselves of the right of survivorship. Since there is no descendible interest in such an estate, it cannot be effectually devised. (Dec. Est. Law, § 1); *Fisher* v. *Fisher*, 253 N. Y. 260, 263.)

It is my opinion that neither the decedent nor his wife had such an interest in the real property as could be disposed of by testamentary devise. (*Levenson* v. *Levenson*, 229 App. Div. 402.)

The court will not pass upon the ultimate rights of the objectants with respect to this property, as this question is prematurely raised.

Objections dismissed. Settle decree.