In the Matter of the Estate of JAMES F. WHIPPLE, Deceased. ANNA E. WHIPPLE et al., Respondents; JANICE M. WHIPPLE et al., Appellants.

Third Department, December 30, 1976

*William W. Millington* for Janice M. Whipple and another, appellants.

*Kramer, Wales & McAvoy (Donald W. Kramer* of counsel), for Anna E. Whipple, respondent.

KOREMAN, P. J. The testator, James F. Whipple, provided for his wife, Anna E. Whipple, in his last will and testament as follows:

"THIRD: If my wife, Anna E. Whipple, shall survive me:

"(a) I devise and bequeath to her one-third (1/3rd) of my estate remaining after the deduction of debts, funeral and administration expenses to be hers absolutely and forever;

"(b) In addition to, and without reducing the provisions of (a) above, I devise and bequeath to my said wife:

"1. All of my clothing, personal effects and any automobile I may own at the time of my death.

"2. My house and lot known as 454 Zephyrway, Juno Beach, North Palm Beach, Florida * * *.

"3. My house and lot at 18 Mill Street, Cooperstown, New York".

The residue of the estate was given to the appellants, testator's two daughters.

After the date of the execution of the will, testator conveyed the Florida and Cooperstown properties to himself and his wife as tenants by the entirety.

The executors commenced this proceeding for a judicial settlement of their accounts, and, specifically, for a determination of the proper construction of paragraph THIRD of the will.

Testator's widow contends, and the Surrogate agreed, that in determining the amount of the net estate for the purpose of computing her share, the value of the two parcels of real estate must be included because it was the intent of the testator to include such. We conclude otherwise. From a strict view of legal title, the two houses passed to the wife as the surviving tenant by the entirety and not through the will (cf. *Stelz v Shreck,* 128 NY 263, 266; *Bertles v Nunan,* 92 NY 152, 156; *Levenson v Levenson,* 229 App Div 402, 406; 64 NY Jur, Wills, § 192). At the time of his death the testator had no interest in the realty, so the computation of the general bequest to the wife of "one-third (1/3) of my estate" cannot be based on a net estate figure which includes the value of the houses.

Even if the houses are considered *de facto* part of his estate, the result does not in fact further the testator's intent. He most likely intended to give his wife the two houses and one third of his *remaining* estate. This interpretation is especially compelling if the houses comprised a large share of his total assets at death, as it appears was in fact the case. To illustrate with a likely example, if each house were worth $33,000 and the remaining estate after taxes and fees, etc., was also $33,000, inclusion of the houses for computation purposes would mean a $99,000 net estate of which the wife would receive every penny.

Neither does the phrase "In addition to and without reducing the provisions of (a) above" mandate the result reached by the Surrogate. The phrase means that the value of the houses should not be deducted from the wife's general bequest.

The decree should be reversed, on the law and the facts, and the matter remitted for further proceedings, with costs, payable out of the estate, to all parties filing briefs.

MAHONEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Decree reversed, on the law and the facts, and matter remitted for further proceedings, with costs, payable out of the estate, to all parties filing briefs.