James MISSEL, Plaintiff–Appellant,

v.

COUNTY OF MONROE; Monroe County Sheriff's Department; Sheriff Patrick O'Flynn, of the Monroe County Sheriff's Department, in his official capacity; Deputy Michael Hildreth, in his official and individual capacity, Defendants–Appellees.

No. 09–0235–cv.

United States Court of Appeals, Second Circuit.

Nov. 4, 2009.

544

Christina A. Agola, Law Offices of Christina A. Agola, Rochester, NY, for Plaintiff–Appellant.

Howard A. Stark, County of Monroe Attorney's Office (Daniel M. De Laus, Jr., Monroe County Attorney; Sean T. Hanna, of counsel, on the brief), Rochester, NY, for Defendants–Appellees.

PRESENT: AMALYA L. KEARSE, DEBRA ANN LIVINGSTON, Circuit Judges, ROSLYNN R. MAUSKOPF,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant James Missel ("Missel") appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*) entered on June 4, 2008, 2008 WL 2357637, dismissing his § 1983 complaint against the County of Monroe, the Monroe County Sheriff's Department, and Sheriff Patrick O'Flynn in his official capacity (collectively "Defendants" or "County Defendants") for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

In brief, Missel's complaint alleges that Missel suffered a pattern of harassment, persecution, and intimidation at the hands of Deputy Michael Hildreth of the Monroe

* The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

County Sheriff's Department. *See* Compl. ¶¶ 21–35. The complaint discloses that these incidents resulted in a departmental investigation of Hildreth, his termination from the Sheriff's Department, and ultimately his criminal conviction on April 24, 2007 for eavesdropping and official misconduct. *Id.* ¶¶ 48–49. Missel filed this action seeking damages from Hildreth and the County Defendants under 42 U.S.C. § 1983 for injuries resulting from Hildreth's unconstitutional conduct. Missel and Hildreth thereafter agreed that the action would "be discontinued, with prejudice as and only to Defendant Michael Hildreth." J.A. 92. Relevant to this appeal are Missel's claims against the County Defendants. Compl. ¶¶ 83–102. The district court dismissed these claims in their entirety on the ground that Missel had only alleged unconstitutional conduct on the part of Hildreth individually and did not allege sufficient facts to state a claim for municipal liability pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

"We review de novo the grant of a motion to dismiss for failure to state a claim upon which relief can be granted" under Rule 12(b)(6). *Harris v. Mills*, 22 A.D. 379, 572 F.3d 66, 71 (2d Cir.2009). We accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Id.* However, legal conclusions in the complaint are not factual allegations entitled to a presumption of truth, and a complaint that merely recites the elements of a cause of action without factual support is insufficient. *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also LaFaro v. N.Y. Cardiothoracic Group, PLLC*, 570 F.3d 471, 475–76 (2d Cir.2009). The complaint is sufficient if the "well-pleaded factual allegations"

contained therein "plausibly give rise to [the plaintiff's] entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

█ Under *Monell*, a municipality may not be held liable under § 1983 solely on a respondeat superior theory. *Monell*, 436 U.S. at 691, 98 S.Ct. 2018. A plaintiff must prove that "policies or customs that [were] sanctioned" by the municipality led to the alleged constitutional violation. *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir.2006) (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). We agree with the district court that Missel has made no factual allegations that would support a plausible inference that the County of Monroe's "policies" or "customs" caused Hildreth's violations of Missel's rights. First, although Missel asserts that Hildreth acted pursuant to Monroe County policies of "permitting deputies to publish false statements" and "targeting perceived pedophiles … for harassment," the complaint contains no facts to support these claims. Compl. ¶¶ 96–98, 99–102. To allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality. *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir.2008) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). Missel has made no allegation that any official policymaker or policymaking body took any action to establish either of the policies he alleges. The allegations that Hildreth acted pursuant to a "policy," without any facts suggesting the policy's existence, are plainly insuffi-

cient. *See, e.g., Dwares v. City of New York*, 985 F.2d 94, 100–02 (2d Cir.1993).

Missel's most specific attempt to tie the County Defendants to Hildreth's actions is a claim that the County failed to train Hildreth, in support of which the complaint alleges that the County Defendants "were on notice of defendant Deputy Hildreth's[ ] propensity to abuse and misuse his power and authority" because there had been "prior complaints about his actions in the East Rochester Police Department," Compl. ¶ 86, and "other incidents involving defendant Hildreth of which plaintiffs [sic] are not currently aware," *id.* ¶ 88. But the complaint does not contain any factual allegations to support these conclusory and speculative assertions; and the assertion that the County was aware of complaints about Hildreth for his conduct in past employment—"the East Rochester Police Department"—does not provide a plausible basis for an inference that the County failed to give Hildreth proper training as a County employee.

■ Neither has Missel adequately alleged that his injuries resulted from a municipal policy or custom of "deliberate indifference" to, or tacit approval of, Hildreth's conduct. A complaint states a § 1983 claim against a municipality if it plausibly alleges that a municipal policymaker was "knowingly and deliberately indifferent to the possibility that its … officers were wont" to violate constitutional rights. *Fiacco v. City of Rensselaer*, 783 F.2d 319, 326 (2d Cir.1986). Such a complaint must allege that "the need for more or better supervision … was obvious," but that the defendant "made no meaningful attempt" to prevent the constitutional violation. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 127 (2d Cir.2004) (quoting *Vann v. City of N.Y.*, 72 F.3d 1040, 1049 (2d Cir.1995)) (internal

quotation marks omitted). Missel has made insufficient factual allegations that the County Defendants were on notice of and took no action in response to Hildreth's conduct, or that Hildreth had a history of such behavior that Defendants deliberately ignored. Moreover, rather than supporting an inference of Defendants' deliberate indifference, the facts alleged in the complaint—including that the County began an immediate investigation of Hildreth the day after Missel lodged a complaint against him with the Sheriff's Department, Compl. ¶¶ 36–41, successfully prosecuted Hildreth for eavesdropping and official misconduct, *id.* ¶ 48, and fired him, *id.* ¶ 49—make it far more plausible that Hildreth acted without authorization and without the knowledge of any municipal decisionmaker.

We conclude therefore that Missel's allegations against the County Defendants were not sufficient to state a claim for municipal liability under *Monell*. The district court's dismissal of the complaint against the County Defendants was therefore proper. We have considered Missel's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.