ALFRED C. LEWIS AND ALVIN R. SMITH, RESPONDENTS,. *v.* WILLIAM H. DOUGLASS, AS LATE SHERIFF OF DELAWARE COUNTY, APPELLANT.

*Attachment — neglect of the sheriff, having agreed to do so, to file in the county clerk's office a notice. of attachment of real estate.*

In an action to recover damages resulting from the alleged negligence of the defendant, a sheriff, in failing to complete a levy on real estate, under an attachment issued to him in an action brought in the Supreme Court by the plaintiffs. against one Thomas H. Clark, it appeared that on September 8, 1885, the plaintiffs in the action against Clark obtained an attachment against his property. This attachment was, on the same day, delivered to the defendant for service, and he on the same day, by virtue thereof, levied on certain personal property belonging to Clark, and properly served the papers on him.

On the evening of September ninth one of the plaintiffs and their attorney met the defendant for the purpose of having the attachment levied upon the interest of Clark in certain real estate of the value of $600 and over, and a notice in the form required by law was prepared and signed by the sheriff, and by the plaintiffs' attorney, which notice, together with copies of the affidavit and undertaking, the warrant, the oath of the appraisers, and the certificate of appraisal, were left with the defendant to be filed with the county clerk, the office of the clerk being then closed, the defendant being instructed and agreeing to file them with the clerk on the following morning. The plaintiff, who resided out of the county, then left. Through neglect on the part of the defendant to file any of the papers until October 19, 1885, Clark was enabled to convey his. interest in the real estate to another person before the plaintiffs could recover judgment in his action against Clark.

Upon an appeal from a judgment, rendered in favor of the plaintiffs, it was claimed by the defendant that it was not part of the duty of the sheriff to file the notice;. and that if he had agreed to do so, it would be only an individual matter and would not support an action against him as sheriff.

*Held,* that the filing of the notice was within the direct line of the official duty of

the sheriff; and that the fact that the attorney must sign the notice did not make it the duty of the attorney to make or complete the levy.

That, assuming that either had a right to file it, when properly prepared and executed, the sheriff, by undertaking with the attorney to do it, relieved the attorney from responsibility in the matter, and the attorney, as well as the party, had the right to rely upon the promise of the sheriff.

The plaintiffs did not, within ten days after the granting of the attachment, cause the affidavits upon which it was granted to be filed as required by section 639 of the Code of Civil Procedure.

*Held*, that this did not affect the validity of the warrant, or the proceedings under it.

APPEAL from a judgment in favor of the plaintiff, entered in an action in the Supreme Court in Delaware county, on the 9th day of October, 1888, upon the report of a referee.

The action was brought to recover damages for the negligence of the defendant in failing to complete a levy on real estate, under an attachment issued to him in an action brought in the Supreme Court by the plaintiffs against one Thomas H. Clark.

The defendant, during the year 1885, was sheriff of Delaware county. Clark was indebted to the plaintiffs in the sum of $215, with interest from April 25, 1885, on two promissory notes. On the 8th of September, 1885, the plaintiffs, by their attorney, issued and delivered to the defendant for service, a summons and complaint against Clark, upon said debt, and these papers were served on Clark, personally, on September 9, 1885. On the 8th of September, 1885, the plaintiffs obtained from the county judge of Otsego county, an attachment against the property of Clark, in proper form, directed to the sheriff of Delaware county. This, with the papers accompanying it, was on the same day delivered to the defendant for service, and he, on the same day, by virtue of the attachment, duly levied on all the personal property of Clark in that county liable to sale on execution, and properly served the papers on Clark. After this, and on the evening of September 9, 1885, one of the plaintiffs and their attorney met the defendant at Delhi, for the purpose of attaching the interest of Clark in certain real estate in that county, such interest being, as the referee found, of the value then of $600 over and above all incumbrances.

A notice in the form required by section 649 of the Code was prepared and signed by the sheriff and by the plaintiff's attorney,

and an inventory and appraisal was made. This notice, together with copies of the affidavit and undertaking upon which the warrant of attachment was issued, the warrant, the oath of the appraisers and the certificate of appraisal, were left with the defendant to be filed with the clerk. The office of the clerk was then closed. The defendant was instructed to and then agreed to file the same with the clerk on the following morning, and the plaintiff and his attorney, relying on the defendant to file the papers, left Delhi. They resided out of the county. The defendant, through his forgetfulness, neglected to file any of the papers until October 19, 1885. On the 23d of September, 1885, Clark conveyed his interest in said real estate to one Bell, who owned a mortgage on said lands, on which was then due and unpaid about $3,400, and this was the consideration of the deed. It is not found that this deed was fraudulent, or that Bell had notice of the attachment. The evidence shows that Bell had other claims against Clark, amounting to about $150. The deed to Bell was recorded September 26, 1885. On the 12th of October, 1885, plaintiffs obtained judgment against Clark for $282.18. Upon execution issued, the personal property levied on under the attachment was sold, realizing fifty-six dollars. Clark was insolvent, and had no other property out of which to satisfy the plaintiff's claim, except the personal property so levied on and sold, and said real estate.

The referee found that, by the failure to complete the service of the attachment by filing the notice, the plaintiffs lost the balance of their debt; that it was the duty of the defendant, as sheriff, to file the notice within a reasonable time after it was prepared, and that, by the negligent failure of the defendant to do so, the plaintiffs were damaged in the amount of such balance. For such balance, being, after deducting some fees due the defendant, the sum of $242.74, including interest, the referee ordered judgment.

*Youmans, Adee & Youmans,* for the appellant.

*Burr Mattice,* for the respondents.

MERWIN, J. :

There is no doubt about the liability of the sheriff for damages occasioned by his negligence in the execution of process. (*Ransom*

v. *Halcott*, 18 Barb., 56; *Hoffman* v. *Conner*, 13 Hun, 541; Code of Civil Procedure, § 102.) But it is claimed here that it is not a part of the duty of the sheriff to file the notice required by section 649 of the Code, and that if he agreed to file it that would only be an individual matter and would not support an action against him as sheriff. This seems to be the main proposition urged on defendant's behalf.

By section 644 of the Code, the obligation is on the sheriff to immediately execute the warrant by levying on so much of the personal and real property of the defendant, within his county and not exempt, as will satisfy the plaintiff's demand, with the costs and expenses. Section 649 prescribes how a levy must be made on real estate, and the filing of the notice is an essential part of it. It cannot be completed without it. The filing is, therefore, within the direct line of the official duty of the sheriff. The fact that the attorney must sign the notice does not make it the duty of the attorney to make or complete the levy. The attorney by signing does his part towards enabling the sheriff to perform his duty. Under the old Code the filing of this notice was not required, but a notice of pendency could be filed (Code of Procedure, § 132) that would effectuate a lien, and this could be attended to by the attorney.

Under the present Code the provision as to notice of pendency does not apply to attachments, but the notice in question takes its place. (Sec. 1670 and Throop's note.) In some respects this notice is the act of both the sheriff and the attorney. Assuming that either had a right to file it when properly prepared and executed, the sheriff, by undertaking with the attorney to do it, relieved the attorney from responsibility in the matter, and the attorney, as well as the party, had the right to rely on the promise of the sheriff. By such promise the act did not cease to be a part of his official duty. We think that the sheriff, in failing to file the notice before the conveyance by Clark, neglected his official duty.

The finding of the referee as to the value of the property is fully sustained by the evidence. The plaintiffs, therefore, by reason of the neglect of the defendant, failed to obtain a lien and lost the opportunity to collect the full amount of their judgment. It is suggested that the deed to Bell was invalid and that he had knowledge of the attachment. But neither of these things are

found by the referee or disclosed by the evidence. The defendant cannot, as a defense, turn the plaintiffs over to a litigation with Bell, when, if he had done his duty, the plaintiffs would have acquired a lien, from which 'presumptively they could have realized the amount of their judgment. Nor is there anything in the case to support a waiver or an estoppel. The plaintiffs did not, within ten days after the granting of the attachment, cause the affidavits upon which it was granted to be filed as required by section 639, but this did not affect the validity of the warrant or the proceedings under it. (1 Rumsey's Pr., 523, and cases cited.) The defendant testifies that when he filed the papers on the 19th of October, 1885, he did so at the direction of the plaintiffs' attorney. This was after the recovery of the judgment and did not operate as a waiver of any rights the plaintiffs had against the sheriff. The other points suggested by the appellant's counsel we have examined, but find no good ground for reversing the judgment.

The judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.