JOSEPH SPEARS, as Executor, etc., of WILLIAM C. SPEARS, Deceased,
    Appellant; WILLIAM J. SPEARS and Others, Respondents.

*Surrogate's jurisdiction as to an accounting for rents, etc., of real estate — when executors do not take title to real estate — power in trust.*

Property that descends to the heirs of an intestate, or passes under the will of a testator to the devisees, does not go to the executors or administrators; and if they assume possession of such property and collect the rents, the remedy of the persons entitled to the same is by an action at law.

The surrogate has no jurisdiction to determine controversies arising in regard to such real property of a testator or an intestate. His power to control the conduct of executors and administrators is limited to property to which they have the right of possession.

The will of a testator provided as follows: "I hereby make my brother Joseph Spears my sole executor, and leave to his judgment, as he may see fit, the disposal of all my real and personal property to be divided among my heirs as his judgment may deem best and most fitting to him, and to be sold or held as long as he may deem best for the interest of my heirs."

*Held,* that this instrument did not create a trust and that the executor took thereunder no title to the testator's real estate; that its legal effect was to grant to the executor a power for the purpose of the division of the land among the heirs, who took the title subject to the execution of the power; that the acts of

the executor in collecting the rents of the testator's land were not a subject of accounting before the surrogate, and that the order of the surrogate striking from the executor's account all items for rents and expenditures relating to the real property was proper.

Appeal by Joseph Spears, the executor of the last will and testament of William C. Spears, deceased, from a portion of the decree of the surrogate of the county of Westchester, entered in said Surrogate's Court on the 23d day of March, 1895, which orders, adjudges and decrees "that no estate in the real property of the testator was vested by his will in the executor and no trust in relation to the real estate was created by the will. All the items for rents of and expenditures on the real estate are, therefore, eliminated from said account," and also from that portion of said decree which directs a distribution of said estate, without taking into consideration the rents of and expenditures on the real estate of which the testator died seized.

*Sackett & Lang,* for the appellant.

*Samuel Keeler,* for the respondents.

Brown, P. J.:

This appeal is from a part of the decree of the surrogate of Westchester county, rendered in a proceeding for the final settlement of the accounts of the appellant as the executor of the last will and testament of William C. Spears, deceased.

The case states that the account of the appellant "purported to contain * * * a full statement of all the rents of and expenditures on the real estate belonging to said William C. Spears from the time of his death down to June 1st, 1894, which showed that the sum of eight thousand and fifty-one $\frac{37}{100}$ (8,051.37) dollars was expended on said real estate for taxes, water rates, repairs, etc."

All parties interested objected to this part of the account, and the surrogate decided "that no estate in the real property of the testator was vested by his will in the executor and no trust in relation to the real estate was created by the will." All items for rents and expenditures were, therefore, stricken from the account.

Property that descends to heirs of an intestate or passes under the will of a testator to devisees does not go to executors or adminis-

trators, and if they assume possession of it and collect the rents the remedy of the persons entitled to it is by a proper action at law.

A surrogate has no jurisdiction to determine controversies arising from such matters. His power to control the conduct of executors and administrators is limited to property to which they have the right of possession. (*Calyer* v. *Calyer*, 4 Redf. 305; *Shumway* v. *Cooper*, 16 Barb. 556.)

The will of the testator was as follows:

"NEW YORK, *Feb. 28th*, 1891.

I, William C. Spears, being of sound mind and being about to go to Florida make this my last will and testament. I hereby make my brother Joseph Spears my sole executor and leave to his judgment as he may see fit the disposal of all my real. and personal property to be divided among my heirs as his judgment may deem best and most fitting to him and to be sold or held as long as he may deem best for the interest of my heirs.

"WILLIAM C. SPEARS."

This instrument did not create a trust, and the executor took thereunder no title to the testator's real estate. Its legal effect was to grant to the executor a power for the purpose of the division of the land among the heirs, who took the title subject to the execution of the power. (1 R. S. 729, § 56; *Cooke* v. *Platt*, 98 N. Y. 35; *Chamberlain* v. *Taylor*, 105 id. 185.)

The appellant had no authority, therefore, as executor to collect the rents of the land or make expenditures thereon, and his acts, in so doing, were not a subject of accounting before the surrogate.

The part of the decree appealed from must be affirmed, with costs to be paid by the appellant.

DYKMAN and PRATT, JJ., concurred.

Decree affirmed, with costs to be paid by appellant.