course of events, rather than to believe that they would have taken the proceedings necessary to have acquired the rights of Douglas Sloane in the remainder in his father's estate, with which they could do nothing until after the death of the life tenant. They would naturally have taken the property, which would have brought their money in the shortest possible way.

I think therefore it is both just and equitable that this same course should be pursued, and that the estate of Douglas Sloane should be adjudged the owner of the bond and mortgage which was assigned to the administratrix in this proceeding as against the property in Rye; but, as she has already satisfied it, that the same, together with the interest paid thereon, should be deducted from her share of said estate.

I therefore sustain the objections made to the said account and will sign a decree in accordance with this decision.

Decreed accordingly.

---

(63 Misc. Rep. 179.)

### In re DUNN'S ESTATE.

(Surrogate's Court, New York County. April, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 477*)—ACCOUNTING.

    A person, who is administratrix with the will annexed and also a tenant in common of real estate devised by the will, as administratrix has no right to or control over the rents, but as a tenant in common is entitled to collect the rents, and cannot be called to account therefor before a surrogate.

    [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 477.*]

Application to revoke letters of administration on the estate of Ellen L. Dunn, deceased. Application denied.

See, also, 105 App. Div. 596, 94 N. Y. Supp. 303; 118 N. Y. Supp. 561.

Alfred B. Jaworower, for petitioner.

John T. Fenlon, for administratrix cum testamento annexo.

THOMAS, S. According to the undenied averments of the petition, the incompetent, whose committee is the petitioner, and the respondent are owners as tenants in common in equal shares of a parcel of real estate in this city; their titles having been acquired by devises contained in the will of the decedent. The respondent is also administratrix with the will annexed of the estate of the decedent. The respondent has for years collected the rents of said real property, and has from time to time accounted to the petitioner for the share of the incompetent. The present application is to revoke the letters of administration with will annexed on the ground that the respondent has not promptly accounted for all of said rents. Upon the facts stated the relief asked for cannot be granted. The respondent, as an administratrix, has no right to or control over the rents of the devised real property; but by virtue of her legal rights as a ten-

ant in common she was entitled to collect the rents, and she cannot be called to account therefor before a surrogate. Matter of Spears, 89 Hun, 49, 35 N. Y. Supp. 35.

The application must be denied.

Application denied.

(63 Misc. Rep. 180.)

## In re DUNN'S ESTATE.

. (Surrogate's Court, New York County. April, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 32*)—REVOCATION OF LETTERS—PENDENCY OF OTHER PROCEEDING.

The Surrogate's Court, on a summary application to revoke letters of administration with the will annexed, will not pass upon a doubtful question as to the construction of the will, where the question is also before the Supreme Court in a pending action; but the proceeding will be dismissed without prejudice to a renewal thereof after termination of that action.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 32.*]

Application to revoke letters of administration of the estate of Ellen L. Dunn, deceased. Proceeding dismissed.

See, also, 105 App. Div. 596, 94 N. Y. Supp. 303; 118 N. Y. Supp. 560.

Alfred B. Jaworower, for petitioner.

John T. Fenlon, for administratrix cum testamento annexo.

THOMAS, S. Among the supplementary papers submitted by the parties, which reached me after the filing of my previous memorandum of decision, I find a copy of the will of the decedent. An examination of that will satisfies me that it is not at all clear that the real property in question was devised to the two children of the decedent as tenants in common, as alleged in the petition in this proceeding, and that it may be that a proper construction of the paper requires the conclusion that the devise was to the executors for purposes of sale, coupled with a mandatory power to sell and divide the proceeds, thus leaving the legal title in the executors, bound by trusts, in all respects as if it had forthwith been converted into personalty. This question is before the Supreme Court for decision in the pending action for partition, and I should not, upon this summary application to revoke the letters cum testamento annexo of the administratrix with the will annexed, embarrass that tribunal by attempting to pass upon it.

The proceeding will therefore be dismissed, without prejudice to renewal thereof after the termination of that action.

Proceeding dismissed.