EDNA W. MINION and RALPH A. FROST, Appellants, v. CLARA
F. WARNER, Respondent.

Second Department, December 6, 1918.

**Real property — right of two tenants in common to accounting by
cotenant for rents collected — suit in equity.**

Two tenants in common cannot join in assumpsit for an account, because the
interests are several and not joint.

A plaintiff, ignorant of what rents have been received, cannot bring himself
under the provisions of section 1656 of the Code of Civil Procedure pro-
viding that a joint tenant or tenant in common, etc., may maintain an
action against his cotenant.

Two tenants in common may sue a cotenant in equity for an accounting of
rents collected.

APPEAL by the plaintiffs, Edna W. Minion and another,
from an order of the Supreme Court, made at the Kings County
Special Term and entered in the office of the clerk of the county
of Kings on the 26th day of June, 1918, denying plaintiffs'
motion for judgment on the pleadings consisting of an amended
complaint and a demurrer thereto.

The will of John S. Frost, who died in 1910, devised the
residue of his property equally to his two daughters, Clara
Louise (now Mrs. Warner), Edna (now Mrs. Minion), and his
son, Ralph Alden Frost. There was a discretionary power of
sale given to Clara, who was named as executrix. The will
was probated and letters testamentary thereon issued to
Clara, the defendant here. According to the complaint,
Clara collected all the rents and profits on four pieces of
property which passed under the above residuary devise.
The two plaintiffs, as tenants in common, sue for an account-
ing, alleging a demand for plaintiffs' proportional shares of
such rents and profits, plaintiffs " offering to pay defendant
whatever sum, if any, shall appear upon said account to be
due to her therefrom."

Defendant demurred because (1) of misjoinder of plaintiffs,
in that the right of each is distinct; (2) such causes of action
have been improperly united. On this a motion for judgment
upon the pleadings followed.

The learned justice held that as no fiduciary relation was
shown, he would treat the cause as an action at law for money

had and received. But that no trial at law could be had because of the separate interests of the plaintiffs. Plaintiffs appealed here from this order denying their motion.

*Walter Jeffreys Carlin,* for the appellants.

*William F. Connell,* for the respondent.

PUTNAM, J.:

This presents a question of the right of two tenants in common to have an accounting of rents collected by a cotenant. Here the executrix's management of the properties leaves rental periods of from two to six years unaccounted for. The Surrogate's Court would be without jurisdiction of such accounting (*Matter of Dunn,* 63 Misc. Rep. 179; *Matter of Spears,* 89 Hun, 49), although one of the briefs intimates that the executrix sought to account for such rents with her final accounting. Reading together sections 446 and 448 of the Code of Civil Procedure, we have the simple rule that persons having an interest in the subject-matter of the action *may* join, and persons united in interest *must* be joined as plaintiffs. If, however, this be considered as an action at law, the demurrer was good, since it is unquestioned that two tenants in common cannot join in *assumpsit* for an account, because the interests are several, and not joint. (11 Ency. of Pl. & Pr. 768; *Sturton* v. *Richardson,* 13 M. & W. 17; *Farrar* v. *Pearson,* 59 Maine, 561.)

It was further contended that this complaint was bad for not averring under Code of Civil Procedure, section 1666, that "defendant 'has received more than [her] own just proportion.'" It was because anciently a writ of account did not lie against a cotenant in common unless such tenant had been particularly appointed a bailiff for the plaintiff, that the statute of 4 Anne (Chap. 16, § 27), passed in 1705, and entitled: "An act for the amendment of the law, and the better advancement of justice," gave this action where a tenant in common had received "more than comes to his just share or proportion." (*Wheeler* v. *Horne,* Will. 208. See *Sherman* v. *Ballou,* 8 Cow. 304, 311.) This statute, re-enacted in New York by section 2 of chapter 4 of the Laws of 1788 (1 R. L. 90, § 2) and section 9 of title 5 of chapter 1 of part 2 of the Revised Statutes (1 R. S. 750, § 9), is preserved in the Code

of Civil Procedure, section 1666. Obviously a plaintiff ignorant of what rents have been received, cannot bring himself under this statute.

Hence, as an action for money had and received, an account of these rents can only be enforced by separate actions by each tenant, with consequent double costs. Such a situation clearly shows the difficulty, expense and inconvenience of the remedy at law, and, therefore, furnished a clear basis to sustain the complaint as one in equity. Indeed, such accounting is a most ancient head of equity as between tenants in common. (Story Eq. Juris. [14th ed.] § 622; 2 Pom. Eq. Rem. § 933; *Wright* v. *Wright,* 59 How. Pr. 176; 4 Kent Com. 359, note; 4 Pom. Eq. Juris. [3d ed.] § 1421, note 3; *Leach* v. *Beatties,* 33 Vt. 195, 200.) The cumulative remedy under the statute of Anne cited, does not bar resort to equity. (*Scott* v. *Guernsey,* 48 N. Y. 106, 124.) Apparently the inability of the plaintiffs to join at law makes a case of equitable relief. (See *Ludlow* v. *Simond,* 2 Caines Cas. 1.)

*Niehaus* v. *Niehaus* (141 App. Div. 251) was not a case of tenants in common. It was by a wife against her husband as tenants by the entirety, for an account of the income or issues of a farm. The wife averred that the husband had collected issues and profits for two years, but had left unpaid the taxes for 1908 and 1909. Without showing that some tenant had paid rent, the bare averment that defendant had not accounted for " rents, issues and profits," might mean only that he had taken the crops and farm produce so that no case was made for an accounting by two years' farm occupancy. Use and occupation of the common property is not a matter of accounting between tenants in common (*Rich* v. *Rich,* 50 Hun, 199; *Adams* v. *Bristol,* 126 App. Div. 660, 662); and *a fortiori* between man and wife as tenants by the entireties. While great weight should be accorded to the views of Mr. Justice Scott, his language must be limited to the point there determined. Other well-considered decisions have not followed him. (*Maekotter* v. *Maekotter,* 74 Misc. Rep. 214. See *Gedney* v. *Gedney,* 19 App. Div. 407; *Myers* v. *Bolton,* 89 Hun, 342; 157 N. Y. 393.)

Before the first Constitution of this State, adopted April 20, 1777, equity had concurrent jurisdiction of such suits for

accounting. Baron Comyn's Digest, published in 1762, declared as settled in chancery that " A joint-tenant or tenant in common, &c. shall have an account in equity, against his companion, for his share of the profits of an estate." (Com. Dig. art. Chancery, 3 V 6 [ed. 1793], 540.) This removes any possible scruple from article 41 of the first Constitution, which declared inviolate jury trial " in all cases, in which it hath heretofore been used in the Colony of New York." That a defendant tenant in common can hold off her two cotenants, and force them to bring separate suits at law because they have no joint remedy, is precisely a situation for equity to interpose and, in one suit, settle the whole matter.

I advise, therefore, that the order appealed from be reversed, with ten dollars costs and disbursements, and plaintiffs' motion for judgment be granted, with ten dollars costs, with leave, however, to defendant within twenty days to withdraw her demurrer and to answer upon payment of costs.

JENKS, P. J., BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and plaintiffs' motion for judgment granted, with ten dollars costs, with leave, however, to defendant within twenty days to withdraw her demurrer and to answer upon payment of costs.