JENNETTE VILLONE, Plaintiff, v. PETER VILLONE, Defendant.

Supreme Court, Niagara County, January 14, 1930.

*Ira M. J. Hovey*, for the plaintiff.

*Tuttle, Rice & Stockwell*, for the defendant.

HORTON, J. The question involved is: When a wife has joined in a deed of property of whieh she and her spouse are tenants by the entirety, and the husband has received the entire sales price, is the wife entitled to bring an equity action for an accounting of the proceeds?

The defendant claims that the Married Woman's Acts, so called (now embodied in Dom. Rel. Law, art. 4, as amd.), have not abolished the common-law attribute of a tenancy by the entirety, which permitted the husband to take the entire proceeds of a sale, citing the case of *Farmers & Mechanics' National Bank of Rochester* v. *Gregory* (49 Barb. 156) as authority for this. An examination of that case, however, shows that, although the court stated in its opinion, at page 163, that upon a sale such as this the proceeds belong to the husband exclusively by virtue of his marital right, it affirmed the determination of the referee which made available for the husband's creditor only one-half of the avails. The decision of the court, therefore, can hardly be said to be an authority for the position taken by the defendant in this action. It must also be borne in mind that the above decision was made in 1867. The courts have tried to keep pace with modern thought, and, as was said by POUND, J., in *Matter of Goodrich* v. *Village of Otego* (216 N. Y. 112, at p. 117): " ' Those harsh principles of common law which destroyed for most purposes the legal identity of the wife and subjected her person and property to the control of her husband ' are not incidents of tenancy by the entirety and have long since been detached from such estates by the Married Woman's Acts of this State. (*Hiles* v. *Fisher*, 144 N. Y. 306.) The husband is a tenant in common with the right of survivorship. So is the wife, and an award to the husband does not bind the wife, nor include the wife's interest."

So it has been held that when land owned by the husband and wife as tenants by the entirety is sold, such tenancy is ended and each is entitled to one-half the proceeds of sale. (*Matter of Baum*, 121 App. Div. 496; *Matter of Blumenthal*, 236 N. Y. 448.)

In the *Blumenthal* case the court (CRANE, J.) said (at p. 453): " In this case of the estate by the entirety, the real estate was sold, the estate ended and in its place we find a purchase-money mortgage in the name of husband and wife without knowing whose money it represents. The furthest a reasonable presumption will carry us is that each owns one-half."

It seems clear, therefore, that the plaintiff is entitled to one-half of the proceeds of this sale.

The defendant also urges that the plaintiff cannot maintain an action for an accounting, as she has an adequate remedy at law. Section 532 of the Real Property Law (added by Laws of 1920, chap. 930) gives to a joint tenant or tenant in common of real property the right to maintain an action to recover his just proportion against his cotenant, who has received more than his own just proportion. This section gives a right of action at law in such case. It does not take away from the courts of equity the jurisdiction which has been theirs from time immemorial. This has been affirmed by the courts in many cases. (See *Messing* v. *Messing*, 64 App. Div. 125; *Dolan* v. *Dolan*, 125 Misc. 849; *Minion* v. *Warner*, 185 App. Div. 246; mod., 238 N. Y. 413.)

Defendant's motion to dismiss must be denied. So ordered.