## Stevens v. Stevens

*I. J. Feinstein,* for plaintiff.

*J. J. Breen,* for defendant.

PARRY, J., March 22, 1935.—This is a bill in equity by a wife against her husband from whom she is separated, praying that he render her an accounting for the rents and profits derived from real estate held in their joint names. From the bill, answer and proofs the court makes the following

### Findings of fact

1. The plaintiff, Grace Frances Stevens, and the defendant, Benjamin J. Stevens, were married on July 23, 1917.

2. On March 27, 1924, they purchased a building containing two apartments, located at no. 5315 Angora Terrace, Philadelphia, and took title thereto in both their names.

3. The parties separated in October 1927, and have not lived together since that time but they have not been divorced.

4. Since the separation the defendant has occupied one of the aforesaid apartments as his home and has rented the other.

5. The defendant has collected all the rents from the said apartment and has rendered no account thereof to the plaintiff.

*Discussion*

When title to the property in question was taken in the names of both the parties they thereafter held it as tenants by the entireties: Newhard v. Newhard, 303 Pa. 299. Consequently both became entitled to enjoy the income, if any, from it, and whichever one collected the rent was bound to account to the other: Gasner v. Pierce et al., 286 Pa. 529; Krizovenisky v. Krizovenisky et al., 13 D. & C. 608.

The plaintiff in her bill avers that she was forced to leave the defendant because of his cruel and barbarous treatment of her. He denied such treatment and averred that the plaintiff wilfully and maliciously deserted him. The cause of the separation was therefore squarely put in issue by the pleadings, but no evidence bearing upon it was offered at the hearing. The question therefore arises whether the plaintiff is nevertheless entitled to maintain this bill. Upon examination of the cases we have concluded that particularly since the Act of March 27, 1913, P. L. 14, a married woman may bring a bill in equity against her husband to protect or gain possession of her separate property notwithstanding the cause of their separation: Schomaker v. Schomaker, 247 Pa. 444. We have no doubt that her share of the rents from property held as tenants by the entireties is separate property of the wife.

The plaintiff also asks that the defendant who has been occupying one apartment account to her for a fair rental for his exclusive possession. To this we do not find her entitled. Tenants by the entireties are each seized of the whole estate and each one is entitled to possession until, after a divorce, a partition is had. There appear to be no authorities on the point in this State, but the principle is stated in Minion et al v. Warner, 185 App. Div. 246, 173 N. Y. Supp. 69.

*Conclusions of law*

1. When the property, no. 5315 Angora Terrace, was taken in the joint names of the plaintiff and defendant they thereafter held it as tenants by the entireties.

2. The plaintiff thereupon became entitled to the enjoyment of one half of the income, if any, from the property.

3. The defendant is accountable to the plaintiff for one half of any income he has collected from the property since the separation of the parties.

4. The defendant is not accountable to the plaintiff for the fair rental value of his exclusive possession of part of the property.

*Decree nisi*

And now, March 22, 1935, it is ordered, adjudged and decreed as follows:

1. That the defendant herein render a true and accurate accounting to the plaintiff of all income, rents and profits he has collected on premises no. 5315 Angora Terrace, Philadelphia, since November 1, 1927, showing rents collected and expenditures for taxes, commissions and repairs, if any.

2. That the defendant pay to the plaintiff one half of the net profits, if any, shown by such accounting, with interest thereon at the rate of 6 percent from the date of collection.

3. That one half the costs of these proceedings be paid by each party hereto.

The prothonotary will enter this decree nisi and notify the parties or their counsel that unless exceptions thereto are filed within 10 days the said decree will become final in the case.