greater than her intestate share and that the widow is not entitled to a right of election.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ. [191 Misc. 1016.]

Morris Sherman, Appellant, v. Alma P. Sweet et al., Respondents.— Judgment affirmed, with costs. All concur. (The judgment is for defendants in an action in replevin.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

Donald R. Albanese, an Infant, by Dominic J. Albanese, His Guardian ad Litem, Appellant, v. Central Greyhound Lines, Inc., of New York, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant for no cause of action in an automobile bus-line negligence action.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

Dominic J. Albanese, Appellant, v. Central Greyhound Lines, Inc., of New York, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant for no cause of action in an automobile-bus line negligence action.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

George Matysek, Appellant, v. Mary Matysek, Respondent. (Action No. 1.) — Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We are of the opinion that the findings in favor of the defendant as to the first cause of action in Action No. 1 are against the weight of evidence. As to the second cause of action, the referee concluded that the plaintiff did not make out a case — that the purchase price of the property came from the family fund and that it was impossible to tell from the evidence what either party's interest amounted to. When the parties sold the real estate to which they held title as tenants by the entirety, the presumption is that each became entitled to one half of the proceeds of the sale. (Villone v. Villone, 135 Misc. 512, affd. 228 App. Div. 884; Matter of Blumenthal, 236 N. Y. 448.) The burden thereupon shifted to the defendant wife to overcome the presumption, and the record presents, as we view it, a failure of proof on her part. All concur. (The judgment is for defendant in an action for money had and received.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

George Matysek, Appellant, v. Mary Matysek, Respondent. (Action No. 2.) — Judgment affirmed, without costs of this appeal to either party. All concur. (The judgment dismisses plaintiff's complaint in an action to rescind deed of realty. ) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

Lillian S. Blank, Respondent, v. Herbert C. Blank, as Administrator of the Estate of George Blank, Deceased, Appellant.— Appeal dismissed, without costs upon stipulation. Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

Philip M. Liebschutz, Suing on Behalf of Himself and All Other Stockholders Similarly Situated, Respondent, v. Schaffer Stores Co., Inc., Appellant.— Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs, and complaint dismissed. Memorandum: Upon this record, plaintiff was entitled only to an election to accept the plan of a reclassification of the shares of the capital stock or to seek an appraisal pursuant to section 21 of the Stock Corporation Law. On an appraisal, his rights, if any, to the surplus would have been determined. Plaintiff took neither step. The complaint does not state facts sufficient to constitute a cause of action. (Anderson v. International Minerals & Chemical Corp., 295 N. Y. 343; McNulty v. W. & J. Sloane, 184 Misc. 835.) All concur. (The order denies defendant's