Robert W. Bascom, S.
By three deeds, two dated in 1941 and the third February 9, 1952, William H. Keyworth and Clara R. Keyworth, his wife, acquired title as tenants by the entirety to a rural residence in Argyle. The deeds are respectively recorded at Washington County Clerk’s office in Liber 225 of Deeds at pages 357 and 358, and Liber 306 of Deeds at page 322. The Keyworths occupied the property as their home from about the date of the first deeds until the making of the contract hereafter referred to. This husband and wife had intermarried about 1922, in middle life, each having children by *504 previous marriages. There is nothing to indicate who furnished the consideration for these purchases.
On February 14, 1952 the Keyworths as husband and wife contracted to convey said lands to respondents Alfred F. Merendino and Florence Merendino, his wife, for $5,750, of which $250 was paid on execution of the agreement, with the balance payable $50 per month including interest at 4% per annum, computed semiannually, commencing April 1, 1952, on which date purchasers were to have possession, with privilege to accelerate payments. When the unpaid balance had been reduced to $3,000 sellers were to furnish a deed and buyers were to execute and deliver to first parties ’ ’ their bond for that amount, with interest, secured by a mortgage of said premises.
On May 18, 1952 William H. Keyworth died, leaving a will dated March 12 of that year, on which, after probate, letters testamentary were issued to respondent Evelyn Havens. Four days thereafter, on May 22, 1952, Clara E. Keyworth died, intestate, and letters of administration were granted to Ruth Davis, petitioner herein. Since their deaths petitioner has collected the monthly payments under the Merendino contract, which has now been reduced to $2,831.23 of principal, on the assumption that the same were the sole property of the Clara R. Keyworth estate and, in her estate tax return, filed November 17, 1952, she included as an asset of that decedent the Merendino contract at its full value on the date of Mrs. Keyworth’s death.
Petitioner here seeks an order directing her as administratrix to convey the realty described in the contract, to the vendees named therein, and a determination that “ as such she can and shall convey all the title which was of said William H. and Clara R. Keyworth, and that the proceeds of such contract and conveyance belong to her, as such administratrix, for the purpose of distribution to the distributees of Clara R. Key-worth ”. Respondents Merendino raise the question of jurisdiction of the court to grant the relief sought, but otherwise are interested only in obtaining a proper title, as they stand ready to complete performance of their contract. The executrix of and the remainderman under the William H. Keyworth will contend that on the execution of the contract of sale an equitable conversion took place which entitles his estate, as a tenant in common, to one half the proceeds already collected and a like share of those yet to be paid and to be secured by mortgage.
We see little question of this court’s jurisdiction to grant the relief sought. Within the limited subject of “affairs of *505 decedents ” the equity juridiction of this court is plenary. (Raymond v. Davis, 248 N. Y. 67; Matter of Lyon, 266 N. Y. 219; Matter of Poth, 155 Misc. 116; Surrogate’s Ct. Act, § 40.) The affairs of two decedents are here involved and a determination of the issues is necessary to the orderly settlement of both estates. We hold that we have jurisdiction, particularly in view of section 227 of the Surrogate’s Court Act, which confers jurisdiction to adjudicate ‘ ‘ all the respective rights ’ ’ of parties to contracts of this kind.
Regardless of what view may be taken of the ultimate ownership of the proceeds of the Merendino contract, we feel that the administratrix of the surviving widow, to the exclusion of the executrix of the husband’s will and of the remainderman thereunder, may convey good title; one which the vendees may not reject. (McArthur v. Weaver, 129 App. Div. 743.) If no equitable conversion took place, then certainly Clara Keyworth, if alive today, could alone convey as surviving tenant by the entirety. It necessarily follows that her representative could do likewise. If there were an equitable conversion the same result follows, for then the legal title would have remained in the vendors (Williams v. Haddock, 145 N. Y. 144; Crippen v. Spies, 255 App. Div. 411), who would have held it as trustees for the vendees, and upon the death of one of the spouses such legal title was perfected in the other. To put it another way, upon the death of one tenant by the entirety, there is no transfer of, succession to, or acquisition of title by the survivor. There is merely a disappearance of the title of the one so dying. So his estate acquires nothing, so far as legal title is concerned, which can be conveyed by anyone. Likewise any duty which such decedent had to execute and deliver a deed, expired with him.
This leaves for disposition the question as to the ownership of the proceeds of the contract. Petitioner relies on Matter of Maguire (161 Misc. 219, affd. 251 App. Div. 337, affd. 277 N. Y. 527) in support of her contention that the Clara Key-worth estate is solely entitled thereto. Respondents’ position is that under Williams v. Haddock (supra) an equitable conversion necessarily took place and, on the authority of Matter of Blumenthal (236 N. Y. 448) both estates must share equally in the proceeds. We think neither Maguire nor Blumenthal is entirely determinative of the case here presented. In both those cases the courts were dealing with the proceeds of executed contracts for the sale of tenancies by the entirety. Title had passed. We are dealing with an executory contract. The former case is authority for the proposition that where a *506 husband furnishes the entire consideration for the creation of a tenancy by the entirety, and his wife predeceases him, after they both had entered into a contract of sale, no equitable conversion resulted and his estate was entitled to the entire proceeds. In other words, he intended to benefit her only if she survived him. That is not our case. Blumenthal merely prescribes a rule of presumption which prevails in the absence of evidence of intent, and where the consideration is either furnished by both spouses or it cannot be determined who furnished it.
These husband and wife transfers have led to much litigation from which certain rules relative to presumptions have evolved. Among others, we find that where the husband owns the property and transfers it to himself and wife during marriage, or furnishes the consideration for an acquisition of property in both names, there will arise a presumption that he intended the wife to have a survivorship right only and not a present ownership of any fractional part. (West v. McCullough, 123 App. Div. 846, affd. 194 N. Y. 518; Matter of Kane, 246 N. Y. 498; Belfanc v. Belfanc, 252 App. Div. 453, affd. 278 N. Y. 563; Matter of Larmon, 212 App. Div. 273.) The opposite does not appear to be true; that is, where the wife furnishes the consideration for an acquisition, or assigns to herself and husband, property which she alone owned, then there is a presumption that a present joint tenancy and not a mere right of survivor-ship is created. (Matter of Polizzo, 308 N. Y. 517.) Then we find the rule above referred to that where both parties equally furnished the consideration or where it is unknown which of them did so, the presumption prevails that they are tenants in common and share equally in the proceeds. (Matter of Albrecht, 136 N. Y. 91; Matter of Blumenthal, supra; Matter of Kaupper, 141 App. Div. 54, affd. 201 N. Y. 534; Matysek v. Matysek, 274 App. Div. 847; Secrist v. Secrist, 284 App. Div. 331; Villone v. Villone, 135 Misc. 512, affd. 228 App. Div. 884; Matter of Faeth, 200 Misc. 143; Matter of Schenk, 205 Misc. 148; Matter of Meyer, 138 N. Y. S. 2d 738; Real Property Law, § 66.)
It must be kept in mind, however, that these cases establish only-naked presumptions arising from the bald statement of any of the given factual propositions. Presumptions are rebuttable. They give way to evidence which points another course. They come into play only in the absence of direct evidence of intent.
Here then we must start with the last-mentioned presumption and see if there is any evidence to overcome it. The con *507 tract itself is the starting point. In addition to its provisions previously mentioned, it provided that the vendees would pay future taxes, assessments and fire insurance premiums. Then comes a significant clause to the effect that on default by the vendees, the vendors would have the full right ‘ ‘ treat the relationship between said first and second parties as that of landlord and tenant, so that second parties may be considered as tenants holding over without right, and that first parties may re-enter and take possession of said premises as landlord, without further resort to summary proceedings or other legal methods to obtain possession thereof ”. This is a thin thread but a strong one. A similar clause was held to indicate no equitable conversion took place and a surviving widow tenant by the entirety took the entire proceeds of the contract in Matter of De Witt (202 Misc. 167).
We next look at the husband’s will, executed only 26 days after the contract. It devises and bequeaths to his wife for life, the use, income and enjoyment of all his net estate “ including the monthly payments of principal and interest as set forth in a land contract made between myself and Donald Parrish * * * dated March 19, 1951, covering the purchase and sale of my farm ”. Inclusio unius est exclusio alterius. That is to say, when he included a contract made by himself alone, of property owned by himself alone, as passing under his will, we can reasonably say he excluded the one made by himself and wife. He would only exclude the instant contract from similar testamentary passage because he believed and intended he had no interest therein to bequeath, should his wife survive. We can safely say that in his mind the tenancy by the entirety had not been destroyed. Thus the contract tends to indicate that no equitable conversion occurred and the will tends to indicate none was intended. Together they are sufficient evidence to overcome the presumption of a tenancy in common.
As was so ably pointed out by Surrogate Frankexthaler, in Matter of De Stuers (199 Misc. 777) the need for invoking the fictional doctrine of equitable conversion has greatly diminished in modern times since the abolition of the old dual system of inheritance. We see no need to invoke it here and find that upon the death of her husband, Clara R. Keyworth became entitled to the entire proceeds of the Merendino contract. (Matter of McKinney, 175 Misc. 377.)
Enter decree in accordance herewith, on five days’ notice or on voluntary appearance.