■ ROBERT DORAN, Appellant-Respondent, v SHERIFF OF ORANGE COUNTY, Respondent-Appellant, et al., Defendant.—In an action to recover damages for failure to timely file a notice of attachment, plaintiff and the defendant Sheriff cross-appeal from a judgment of the Supreme Court, Orange County, entered February 25, 1976, after a nonjury trial, as follows: (1) the Sheriff from so much of the judgment as is in favor of plaintiff and (2) plaintiff from so much of the judgment as awarded him only nominal damages. Judgment reversed, on the law, and new trial granted as between the parties to this appeal, limited to the issue of damages only, with costs to abide the event. Plaintiff was owed $4,000 by one Frank Butler. Believing that Butler was about to leave New York State without paying the debt, plaintiff procured an order of attachment against certain real property owned jointly by Butler and his wife as tenants by the entirety. (Mrs. Butler was not liable on the debt owed by her husband to plaintiff.) On August 21, 1972 plaintiff's attorney entered the lobby of the Orange County Jail where he conferred with a Deputy Sheriff. The attorney announced that he was "from out of town" and had a set of papers to be filed in the county clerk's office; that the office would close in a few minutes and that he would not have time to procure an index number and file the papers. He thereupon took a number of papers from his brief case, sorted them into two groups, and fastened each group with staples. He requested the Deputy Sheriff to procure an index number the following day and to file the stapled original set of papers with the county clerk and keep the other set of papers in the Sheriff's file. He gave the Deputy Sheriff sufficient money to cover the clerk's fee for the index number as well as the Sheriff's fee for attaching the real property. The notice of attachment (the document which creates the levy against the real property when filed by the Sheriff pursuant to CPLR 6216) was not with the stapled original papers, but was among the copies given to the deputy. On August 22, 1972 the Deputy Sheriff obtained an index number at the county clerk's office and filed the original papers. Later that day the deputy advised the attorney of the index number and that the papers left the day before had been filed. The notice of attachment was never filed with the county clerk, but was left among the copies filed in the Sheriff's office. Thus, there was never any levy against the interest of Frank Butler in the real property. (It appears that no one in the Sheriff's office examined the papers left for the files and discovered the notice of attachment, even though the fee for filing the notice of attachment was received from plaintiff's attorney.) On September 1, 1972 Frank Butler and his wife conveyed the real property in issue to purchasers who had no knowledge of any attachment. The sales price was $36,000, with a net of approximately $7,000 (after assumption of a mortgage by the purchasers and other deductions) being paid jointly to the Butlers. On October 6, 1972 plaintiff entered a default judgment against Frank Butler in the amount of $4,000. It was discovered that there was no notice of attachment on file against the real property, which had been transferred on September 1. Execution on the judgment against Butler was issued and returned unsatisfied, as the sole asset of the debtor which could be found was this real property upon which there had been, in fact, no levy. Plaintiff commenced this action against the defendant Sheriff on the ground of negligence and sought the recovery of $6,000 in damages. After a trial of the issue of liability on an agreed

statement of facts, the court found in favor of plaintiff. A hearing was then held on the issue of damages. The trial court determined that only nominal damages could be awarded to plaintiff since he had not provided any evidence of actual damage. Both parties have appealed from the judgment. We hold that the trial court was correct in finding defendant liable to plaintiff for his failure to file the notice of attachment, and that the defense of contributory negligence lacks merit. It is uncontroverted that the order of attachment, the notice of attachment, and the necessary fees were delivered to the defendant Sheriff. Had the notice of attachment been timely filed, plaintiff would have been able to execute upon the interest of Frank Butler in the real property. Plaintiff had a right to rely upon the Sheriff to carry out his official duties and follow the mandate of the order of attachment which directed him to levy upon the interest of Frank Butler in the real property (see *Lewis v Douglass,* 53 Hun 587). As to the issue of actual damages, there must be a new hearing at which the burden will be upon the defendant Sheriff to prove the alleged defense that the one-half undivided interest of Frank Butler in the real property owned jointly with his wife as tenants by the entirety was, in fact, without real value and that it would have brought nothing at an execution sale. Plaintiff (who has reduced the amount of damages sought to $3,500, as is indicated in his brief) has, indeed, established a prima facie case for the recovery of damages. Although an execution sale after levy upon Frank Butler's undivided one-half interest would not have extinguished the interest of Mrs. Butler in the property, nor destroyed her right of survivorship should her husband predecease her (see *Hiles v Fisher,* 144 NY 306; *Secrist v Secrist,* 284 App Div 331, affd 308 NY 750; *Lawriw v City of Rochester,* 14 AD2d 13, affd 11 NY2d 759; *Hohenrath v Wallach,* 37 AD2d 248, app dsmd 30 NY2d 674), plaintiff has established that the Butlers received approximately $7,000 for their interests when they sold the property. They were each presumed to be entitled to one half of the net proceeds of the sale (see *Matysek v Matysek,* 274 App Div 847). The burden is therefore properly upon the Sheriff to prove in mitigation of damages what he alleges, viz., that such an interest, because of the inherent risk of its complete destruction upon the death of Frank Butler before the death of his wife, would, in fact, bring nothing at an execution sale. The Sheriff "should not now be permitted to excuse his * * * negligence by raising a conjecture which but for his negligence would not exist * * * He has not sustained the burden which the law properly places upon him of showing that his negligence has not damaged the plaintiff" (see *Morgan v Seaman,* 171 App Div 716, 719). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.