■ ROBERT DORAN, Appellant, v SHERIFF OF ORANGE COUNTY et al., Respondents.—In an action to recover damages for failure to timely file a notice of attachment, plaintiff appeals from a judgment of the Supreme Court, Orange County, dated November 14, 1978, which, after a trial on the issue of damages, awarded him the sum of $100, together with costs and disbursements. Judgment affirmed, with costs. In this same action we previously affirmed a finding that the defendant was liable to the plaintiff for his negligent failure to file a notice of attachment, but, a new trial was granted limited solely to the issue of damages (Doran v Sheriff of Orange County, 57 AD2d 605, mot for lv to app dsmd 42 NY2d 1014). The only witness to testify at the trial was an expert in the field of real estate appraisals produced by the defendants. His testimony was to the effect that in his opinion the interest sought to be attached would bring $100 at an execution sale. Plaintiff presented no testimony. We are of the opinion that the uncontradicted evidence adduced by defendant at the hearing sustains the findings of the trial court. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v CRISTO REALTY, INC., et al., Respondents, et al., Defendant.—In an action on two promissory notes and against the guarantors thereof, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered April 10, 1979, as, upon plaintiff's motion for summary judgment, awarded it judgment against defendants Cristo Realty, Inc., and Eduardo Cristo for less than the amount demanded and severed its claims for interest and attorneys' fees. Judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, plaintiff's motion is granted in its entirety, including interest and attorney's fees, and the matter is remitted to the Supreme Court, Nassau County, for a determination of damages. Although the promissory notes were made by the corporate respondent, it is respondents' contention that the loans in question were actually advanced for the personal use of Eduardo Cristo, the corporation president. Documentary evidence submitted by plaintiff in support of its motion for summary judgment demonstrates that the loan proceeds, although in form payable to Eduardo Cristo personally (and not the corporate maker of the notes), were used by Cristo for business purposes, for which they were intended, including the purchase of real property on behalf of the corporate defendant. Accordingly, the loans were not usurious (see Schneider v Phelps, 41 NY2d 238; Leader v Dinkler Mgt. Corp., 20 NY2d 393). The conclusory allegations of the respondents that the loans were "personal" are insufficient to create a triable issue of fact (see Federal Deposit Ins. Corp. v Salesmen Unlimited Agency Corp., 61 AD2d 1023). Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.