■ SCARSDALE NATIONAL BANK AND TRUST COMPANY, Appellant, v ROBERT SEALE, Respondent, et al., Defendants. — In an action to recover moneys due pursuant to an agreement and a promissory note, plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), entered May 13, 1983, which denied its motion for partial summary judgment as against Robert Seale, and (2) as limited by its brief, from so much of an order of the same court, entered July 29, 1983, as, upon reargument, adhered to its prior determination. ¶ Appeal from order entered May 13, 1983, dismissed, without costs or disbursements. That order was superseded by the order entered July 29, 1983, upon reargument. ¶ Order entered July 29, 1983, modified by deleting the provision which adhered to its original determination denying partial summary judgment as against Robert Seale on the issue of liability, and substituting therefor a provision granting partial summary judgment as against Robert Seale for liability under the agreement (including interest) and the promissory note. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a hearing as to the exact amount of Robert Seale's liability on the agreement and the promissory note and as to the reasonable attorney's fees to be granted plaintiff. ¶ Plaintiff bank seeks to collect moneys due it (1) pursuant to an agreement dated December 7, 1981, signed by plaintiff, and defendant Viking Office Products, Inc., as "Debtor", defendant Viking Of America Office Products Corp. as "Corporate Guarantor" and defendant Robert Seale as "Individual Guarantor", and (2) pursuant to a promissory note dated April 21, 1978, signed by defendant Robert Seale and his wife. ¶ Defendant Robert Seale claims that the interest rate contained in the agreement of December 7, 1981, was usurious inasmuch as plaintiff knew that the corporate defendants were out of business at the time the agreement was made, and that the agreement was really one between plaintiff and Robert Seale in his individual capacity. We reject Robert Seale's claim inasmuch as he has presented no evidence to show that the debt was created by other than the

corporate defendants, or that it was created for other than a business purpose (see *Leader v Dinkler Mgt. Corp.*, 20 NY2d 393; *Federal Deposit Ins. Corp. v Cristo Realty*, 72 AD2d 553; *Puccio v Weill*, 61 AD2d 1042; *Federal Deposit Ins. Corp. v Salesman Unlimited Agency Corp.*, 61 AD2d 1023). However we remit the matter to Special Term for a hearing and determination on the issues of the exact amount of his liability inasmuch as he claims certain credits towards his liability. We also remit the matter for a hearing and determination as to the reasonableness of the requested attorney's fees (see *Franklin Nat. Bank v Wall St. Commercial Corp.*, 40 Misc 2d 1003, affd 21 AD2d 878). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.